UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>    v.<br><br>Justin Everett Kessler,<br><br>                    Defendant. | No. 2:06-cr-00310-KJM-1<br><br>ORDER |

        On June 22, 2007, defendant Justin Everett Kessler pled guilty to violating 18 U.S.C. § 2252(a)(2)—receipt of visual depictions of minors engaged in sexually explicit conduct—and was sentenced to 188 months in Bureau of Prisons custody and 120 months of supervised release. *See* Mins. Sent'g, ECF No. 31; Gov't Revocation Hr'g Br. at 1, ECF No. 65. Defendant started his term of supervised release on December 6, 2019. Petition at 1, ECF No. 38. On March 30, 2023, the United States Probation Officer filed a petition to revoke supervised release. *Id.* The petition contains two charges of new law violation (charges one and two) and one charge of no contact with minors (charge three). *Id.* at 2–3. Defendant denied all three charges. Mins. Violation Hr'g, ECF No. 54.

        The court held an evidentiary hearing on October 30, 2023. Mins. Evid. Hr'g, ECF No. 69. Kristin Scott and Jessica Delaney appeared for the government. *Id.* Kresta Daly appeared for defendant, who was present, in custody. *Id.* The government's witnesses, Lisa

Hage, T.A.T., Von Tomasini, Julio Alcaraz and Shane Roach, were sworn and testified. *Id.* For the reasons as stated on the record, the court adjudged the defendant guilty of charges 1 and 2 of the violation petition. *Id.* The court permitted the parties to file simultaneous supplemental briefing as to charge 3. *Id.* Both parties have filed supplemental briefs. Gov't Supp. Br., ECF No. 71; Def.'s Supp. Br., ECF No. 72. Having considered the evidence and the parties' supplemental briefs, the court finds defendant is **not guilty** of charge three of the violation petition.

The court may revoke a term of supervised release if it finds a defendant violated a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). "The government has the burden of proof." *United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir. 2002).

Charge three alleges defendant violated "a special condition of supervised release that states in part, '*the defendant shall have no contact with children under the age of 18.*'" Petition at 3 (emphasis in original) (quoting Special Conditions of Supervised Release). "Conditions of supervised release . . . must be interpreted consistently with the 'well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*.'" *United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010) (quoting *United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008)). As both parties acknowledge, Gov't Supp. Br. at 2; Def.'s Supp. Br. at 2–4, non-association conditions such as the one defendant is alleged to have violated prohibit individuals from knowingly having contact with persons within a proscribed category, *see United States v. Soltero*, 510 F.3d 858, 867 n.9 (9th Cir. 2007); *United States v. Wolf Child*, 699 F.3d 1082, 1101 n.9 (9th Cir. 2012) ("[A] order that [defendant] not 'date' or 'socialize' with anyone who has children under the age of 18 should be interpreted to prohibit only *knowing* interactions with individuals that [defendant] *knows* fit this category." (emphasis in original)). Non-association conditions are not violated by "incidental contacts." *See Soltero*, 510 F.3d at 866.

Here, the government has not met its burden of showing by a preponderance of the evidence defendant knew the person he was exposing his genitals to was under the age of 18. There is no evidence defendant saw the minor before the incident in question. Although the act

of exposing his genitals may have been purposeful, there is no evidence defendant knew the person in the stall next to him was a minor. *Cf. United States v. Woodfield*, 484 F. App'x 148, 150 (9th Cir. 2012) (unpublished) (affirming revocation and noting probation officer observed minor in defendant's apartment while defendant was in the bathroom after probation officer had issued a written reprimand in response to defendant's unsupervised contact with other minors). Here, the government has not provided any evidence suggesting defendant's contact with a person under the age of 18 was anything more than incidental.

Defendant is **not guilty** of charge three of the violation petition. As noted in the minutes for the evidentiary hearing, the Revocation (Disposition) Hearing as to charges one and two is set for December 4, 2023, at 9:00 AM in Courtroom 3 before the undersigned. *See* Mins. Evid. Hr'g.

IT IS SO ORDERED.

DATED: November 13, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE